UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
              :
CLAUDIA ADAMS,             :
              :
                            Plaintiff,   :
              :          21-CV-6157 (VSB)
                 -against-              :
              :            **ORDER**
              :
BY DESIGN LLC, JAY LEE, and RUSSEL   :
KEMP,             :
              :
                           Defendants.  :
-------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

       On or about January 25, 2022, the parties reached a settlement agreement in this Fair Labor Standards Act ("FLSA") case. (*See* 10.) Parties may not privately settle FLSA claims absent the approval of the district court or the Department of Labor. *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 806–07 (2d Cir. 2022); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). On January 27, 2022, the parties filed a joint letter in support of approval of their proposed settlement agreement, to which they attached their settlement agreement. (Doc. 11.)

       Because I find that the settlement agreement is not fair and reasonable, the parties request that I approve it is DENIED.

### I.    **Legal Standard**

       To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid

anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (citation omitted). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)). An award of costs "normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) (internal quotation marks omitted).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

**II.    Discussion**

"Courts in this Circuit have consistently rejected FLSA settlements that seek to prevent plaintiffs from having a future employment relationship with the defendant as contrary to the underlying aims of the FLSA." *Diaz Bravo v. Broadway Fines Deli Corp.*, 21-CV-1946 (VSB),

2021 WL 4263047, at *2 (S.D.N.Y. Aug. 4, 2021) (quoting *Zekanovic v. Augies Prime Cut of Westchester, Inc.*, No. 19-CV-8216 (KMK), 2020 WL 5894603, at *5 (S.D.N.Y. Oct. 5, 2020). "Such bars on reemployment conflict with the FLSA's primary remedial purpose." *Bonaventura v. Gear Fitness One NY Plaza LLC*, 17 Civ. 2168 (ER), 2021 WL 1907368, at *1 (S.D.N.Y. Apr. 12, 2021) (internal quotation marks omitted).

The settlement agreement filed by the parties contains a section entitled "Cessation of Employment." (Settlement Agreement § 3.)[1] Among other things, a subsection states that Plaintiff "agrees she will not seek or accept employment, or work as an independent contractor or temporary worker, with Releasees." (*Id.* § 3.6.) "Releasees" means the Defendants in this action. (*Id.* at 1.) This is, of course, grounds for rejecting the settlement. *Diaz Bravo*, 2021 WL 4263047, at *2. Such a reemployment ban is particularly inappropriate here, where the parties have "provided not a shred of explanation—and no cases—to justify inclusion of such a provision." *Zekanovic*, 2020 WL 5894603, at *5 (internal quotation marks omitted). Accordingly, I will not approve the proposed settlement agreement in its current form.

I reserve judgment as to the other parts of the parties' settlement agreement not discussed in this Order. However, the parties should carefully review their settlement agreement against recent case law denying FLSA settlements in this District to ensure that their settlement is fair and reasonable under applicable law. The parties' review should include my own orders in FLSA cases. *See, e.g.*, *Miranda v. Grace Farms, Inc.*, 16-CV-1369 (VSB), 2022 WL 1771720 (S.D.N.Y. May 31, 2022).

### III. Conclusion

Accordingly, the parties' settlement agreement is REJECTED. Within 28 days of this order,

---

[1] "Settlement Agreement" refers to the document entitled "Settlement Agreement and Release," which is attached as Exhibit A to the parties' joint letter in support of approval of their settlement agreement. (Doc. 11, at 7–18.)

3

the parties shall file a new settlement agreement that cures the deficiencies discussed above, along with a letter motion in support of the new settlement agreement explaining why it is proper, or indicate that they wish to proceed with litigating this action.  The parties should also review the other terms of their settlement agreement to make sure they are in compliance with the governing standards for FLSA settlement approval.

SO ORDERED.

Dated:  June 3, 2022
        New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge