UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
                                                           :
CLAUDIA ADAMS,                                             :
                                                           :
                              Plaintiff,                   :
                                                           :           21-CV-6157 (VSB)
              -against-                                    :
                                                           :        **OPINION & ORDER**
                                                           :
BY DESIGN LLC, JAY LEE, and RUSSEL                        :
KEMP,                                                      :
                                                           :
                              Defendants.    :
-----------------------------------------------------------X


VERNON S. BRODERICK, United States District Judge:

        On or about January 27, 2022, the parties reached a settlement agreement in this action in

which Plaintiff asserts claims under the Fair Labor Standards Act ("FLSA") as well as under

various other statutes, including Title VII to the federal Civil Rights Act of 1964.  (*See* Doc. 11.)

Parties may not privately settle FLSA claims absent the approval of the district court or the

Department of Labor.  *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 806–07 (2d Cir. 2022);

*Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).  In the absence of

Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and

reasonable."  *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015).  On June 3,

2022, I rejected the parties' settlement because it contained a clause denying Plaintiff the ability to

work for Defendants in the future.  (Doc. 14.)  On June 24, 2022, the parties filed a new settlement

for approval along with a joint letter in support of the new settlement.  (Doc. 15 ("Settlement");

Doc. 16 ("Settlement Ltr.").)

        The parties' letter says that they have "remov[ed] the no rehire provision" that rendered their

prior settlement unfit for approval under *Cheeks*.  (Settlement Ltr. 1.)  However, under a clause

entitled "Cessation of Employment," the current Settlement states that Plaintiff's "employment ceased effective prior to the commencement of this litigation," (Settlement ¶ 3.1), and that Plaintiff "acknowledges and agrees that she shall refrain from communicating with or otherwise contacting (via mail, telephone, email, voicemail, or other means) any of the Releasees," (*Id.* ¶ 3.4). The term "Releasees" is defined to include Defendants, as well as Defendants'

> respective parent companies, related business entities, predecessors, successors, assigns, affiliates, subsidiaries, divisions, agents and related parties and each of their respective principals, owners (direct or indirect), partners, proprietors, members, managing members, principals, members of their governing boards, shareholders, directors, officers, trustees, stockholders, representatives, insurers, reinsurers, agents, servants, residents, employees, parties, managing agents, and attorneys and other professionals in their individual and representative capacities and all persons acting by, through, under, or in concert with any of these, his /her/ its heirs, successors, representatives, assigns, attorneys, agents, executors and administrators, and each such Releasees' immediate family members as well as each of their respective predecessors and assigns.

(Settlement ¶ 1.5.)

"Courts in this Circuit have consistently rejected FLSA settlements that seek to prevent plaintiffs from having a future employment relationship with the defendant as contrary to the underlying aims of the FLSA." *Diaz Bravo v. Broadway Fines Deli Corp.*, 21-CV-1946 (VSB), 2021 WL 4263047, at *2 (S.D.N.Y. Aug. 4, 2021) (quoting *Zekanovic v. Augies Prime Cut of Westchester, Inc.*, 19-CV-8216 (KMK), 2020 WL 5894603, at *5 (S.D.N.Y. Oct. 5, 2020)). "Such bars on reemployment 'conflict with the FLSA's primary remedial purpose.'" *Bonaventura v. Gear Fitness One NY Plaza LLC*, 17 Civ. 2168 (ER), 2021 WL 1907368, at *1 (S.D.N.Y. Apr. 12, 2021) (quoting *Ortiz v. My Belly's Playlist LLC*, 283 F. Supp. 3d 125, 126 (S.D.N.Y. 2017)). "Furthermore, courts in this Circuit have disapproved of settlement language that would set conditions on future employment relationships." *Burgos v. Ne. Logistics, Inc.*, 15 CV 6840 (CBA) (CLP), 2018 WL 2376481, at *7 (E.D.N.Y. Apr. 26, 2018), *report and recommendation adopted*, 15-CV-6840 (CBA) (CLP), (E.D.N.Y. May 24, 2018); *see, e.g.*, *Leon-Martinez v. Cent.*

*Cafe & Deli*, No. 15 CV 7942, 2017 WL 1743935, at *2 (S.D.N.Y. Apr. 13, 2017) ("A provision

limiting plaintiffs' employment opportunities is not acceptable."); *Bao Cheng Fu v. Mee May Corp.*,

15 Civ. 4549 (HBP), 2017 WL 2172910, at *3 (S.D.N.Y. Mar. 31, 2017) ("[A] provision limiting

plaintiffs' employment opportunities is unacceptable.").

The Settlement's "refrain from communicating" clause cuts entirely against the underlying

aims of FLSA.  If Plaintiff cannot "communicat[e] with or otherwise contact[]" Defendants or the

broad universe of other "Releasees," (Settlement ¶ 3.4), then she is effectively barred from seeking

further employment from an astonishing number of persons.  The Settlement would also prevent

Plaintiff from, for example, communicating with any Releasee to seek "a post-employment

reference letter," even though denial of such a letter can itself amount to illegal employment

discrimination.  *Santi v. Hot in Here, Inc.*, 18 Civ. 03028 (ER), 2019 WL 290145, at *4 (S.D.N.Y.

Jan. 22, 2019) (citing *Pantchenko v. C. B. Dolge Co.*, 581 F.2d 1052, 1055 (2d Cir. 1978)).

"Additionally, Plaintiff has provided 'not a shred of explanation—and no cases—to justify inclusion

of' such a provision."  *Zekanovic*, 2020 WL 5894603, at *5 (quoting *Nieto v. Izzo Constr. Corp.*,

No. 15-CV-6958, 2018 WL 2227989, at *2 (E.D.N.Y. May 14, 2018)).

Further, the Settlement contains an overbroad non-disparagement clause.  It purports to bar

Plaintiff from "in any way disparag[ing] any of the Releasees."  (Settlement ¶ 17.)  The only

carveout in this clause is to state that Plaintiff is not "prohibit[ed] . . . from testifying truthfully as a

witness pursuant to any lawfully issued summons or subpoena."  (*Id.*)  "Prohibiting a[] FLSA

plaintiff from speaking truthfully about h[er] experiences, h[er] claims, and the resolution of h[er]

lawsuit is 'in strong tension with the remedial purposes of . . . FLSA.'"  *Lopez v. Poko-St. Ann L.P.*,

176 F. Supp. 3d 340, 345 (S.D.N.Y. 2016) (internal quotation marks omitted).  Consistent with the

law in this district, if any future settlement agreement in this action has a non-disparagement clause,

it will need a far broader carveout to allow Plaintiff to speak truthfully about her experiences.

Accordingly, the Settlement is REJECTED.  Within 28 days of this order, the parties shall file a new settlement agreement that cures the deficiencies discussed above, along with a letter motion in support of the new settlement agreement explaining why it is proper, or indicate that they wish to proceed with litigating this action.  Before filing a new settlement agreement, the parties are encouraged to review the other terms of the settlement agreement to confirm that they are consistent with the law in this district.

SO ORDERED.

Dated:      September 20, 2022
            New York, New York

Vernon S. Broderick
United States District Judge