**WYATT & ASSOCIATES**
EMPLOYMENT LAW, HR SOLUTIONS

Timothy Brock, Esq
tbrock@wyattlegalservices.com
P: 603-357-1111 F: 603-685-2868
Mailing Address: 63 Emerald Street, PMB #603, Keene NH 03431
Physical Address: 17 Elm Street Suite C211 Keene NH 03431
New York Office: 418 Broadway 2nd Floor Albany NY 12207

**VIA ECF**

October 13, 2022

The Hon. Vernon S. Broderick
United States District Judge Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      **Re: <u>Adams v. By Design L.L.C. et al. (Case No. 1:21-cv-06157-VSB)</u>**

Dear Judge Broderick:

    We submit this joint letter, on behalf of the Parties, pursuant to the Court's September 20, 2022 order again denying the parties joint motion in accordance with C*heeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d. Cir., 2015). A revised agreement (removing the provision related to Ms. Adams refraining from contacting Releasees) is attached. As there is no longer any non-disparagement agreement nor any prohibition on Ms. Adams from communicating with anyone the parties respectively ask that this Court approve their mutually entered into settlement agreement.

**1.**      <u>Background</u>

    On July 19, 2021, Plaintiff, a former employee of By Design L.L.C., filed a Complaint against Defendants alleging, Sex Discrimination under Title VII, 42 U.S.C. §§2000e, et. seq., New York State Human Rights Law, New York City Human Rights Law, Pregnancy discrimination under New York State Human Rights Law and New York City HumanRights Law, Disability Discrimination under the Americans with Disabilities Act, 42 U.S.C.§§12101 et seq., New York State Human Rights Law and New York City Human Rights Law; Retaliation under Title VII, the Americans with Disabilities Act, New York State Human Rights Law and New York City Human Rights law. These claims also included alleging claims for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA") and the New York Labor Law, 12 NYCRR § 142 ("NYLL") (the "Action).

    As it relates to the Wage claims specifically, Plaintiff alleges that, on a few occasions, she stayed late at work to complete tasks for the Defendants. In their Answer to the Complaint, Defendants deny all of Plaintiff's claims in their entirety,including the wage claims. Defendants contend that Plaintiff did not work any alleged unpaid overtime and was properly paid for all hours worked during her entire tenure at By Design L.L.C.as reflected by the detailed time records, which are in Defendants' possession.

**WYATT & ASSOCIATES**
EMPLOYMENT LAW, HR SOLUTIONS

Timothy Brock, Esq
tbrock@wyattlegalservices.com
P: 603-357-1111 F: 603-685-2868
Mailing Address: 63 Emerald Street, PMB #603, Keene NH 03431
Physical Address: 17 Elm Street Suite C211 Keene NH 03431
New York Office: 418 Broadway 2nd Floor Albany NY 12207

**2.** <u>Settlement Terms</u>

Following a mediation before Michael Leo, Esq., the Parties reached an amicable resolution of Plaintiff's claims in the Action. With respect to all of Plaintiff's claims, the Parties have reached a settlement of $85,000, with $5,000 being allocated to Plaintiff's claims for unpaid overtime wages ($5,000 of liquidated damages pursuant to the Wage related statutes are to be included in the balance of the payments to be made to Plaintiff and the remainder of the settlement, $75,000 are entirely unrelated to Wage claims). Plaintiff's counsel is claiming and/or receiving one-third of the full settlement proceeds of $85,000 as reimbursement of his attorneys' fees. Pursuant to the Settlement Agreement, the settlement amount will be paid within twenty-one (21) days of Court-approval of the settlement.

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks*, 796 F.3d at 206-07. When analyzing a Rule 41 FLSA settlement, courts approve them "when they are reached as a result of contested litigation to resolve bona fide disputes." *Flores v. Hill Country Chicken NY, LLC*, 2018 WL 2389076, at *2 (S.D.N.Y. May 25, 2018) (citing *Johnson v. Brennan*, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011)). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Chowdhury v. Brioni Am., Inc.*, 2017 WL 5953171, at *2 (S.D.N.Y. Nov. 29, 2017) (citing *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 476 (S.D.N.Y. 2013)).

Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues,the settlement should be approved." *Id*. "Generally, there is a strong presumption in favor of finding a settlement fair, because the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Qi Jun Kang v. Jia Xing 39th Inc.*, 2018 WL 4538906, at *1 (S.D.N.Y. Sept. 21, 2018) (citing *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013)). "The force of this presumption is increased when a settlement is reached with the assistance of an experienced mediator." *Saldana v. Middletown Car-G-Cam Uni Corp.*, 2015 WL 12591678, at *1 (S.D.N.Y. Sept. 23, 2015) (citing *Sukhnandan v. Royal Health Care of Long Island LLC*, 2013 WL 4734818, at *2 (S.D.N.Y. Sept. 3, 2012)); accord *In re Penthouse Executive Club Comp. Litig.*, 2013 WL 1828598, at *2 (S.D.N.Y. Apr. 30, 2013)("A settlement . . . reached with the help of third-party neutrals enjoys a presumption that the settlement achieved meets the requirements of due process."); *Toure v. Amerigroup Corp.*, 2012 WL 1432302, at *1 (E.D.N.Y. Apr. 20, 2012) ("The assistance of an experienced mediator . . . reinforces that the Settlement Agreement is non-collusive.").

While Plaintiff stands by her claims, this settlement reflects concessions made in recognition of the difficulty and length of litigation, as well as the strength of the evidence possessed by Defendants in the form of detailed time records. Considering the risks in this case outlined above, Plaintiff believes that this settlement is a good result, and should be approved as

**WYATT & ASSOCIATES**
EMPLOYMENT LAW, HR SOLUTIONS

Timothy Brock, Esq
tbrock@wyattlegalservices.com
P: 603-357-1111 F: 603-685-2868
Mailing Address: 63 Emerald Street, PMB #603, Keene NH 03431
Physical Address: 17 Elm Street Suite C211 Keene NH 03431
New York Office: 418 Broadway 2nd Floor Albany NY 12207

fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

3. The Settlement Is Fair And Reasonable

In evaluating a proposed settlement of FLSA claims, most courts in this Circuit apply the five-factor test articulated in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y.2012). The *Wolinsky* factors consider: (1) the plaintiffs' range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *Id.*

    a. Range of Possible Recovery

The settlement amount of $5,000 is an excellent result. This is because Plaintiff's best case scenario estimate shows that she is only owed overtime wages of $5,000. Further, inasmuch as Plaintiff did not maintain records of her claimed off-the-clock time, risks existed that her version of her hours worked might not be believed, in full or in part. Moreover, because Plaintiff anticipated difficulties in locating witnesses willing to testify against Defendants-and because Defendants would be far more likely to find management or current/former employees or tenants to back up Defendants' position(s)-the amount of Plaintiff's off-the-clock work is also speculative. Plaintiff thus agreed to the settlement amount, and believes it to be an excellent result.

Plaintiff also wished to forego the uncertainties of litigation and the hassle and expense of proceeding through discovery, depositions, and trial, nor did she want to have to take time off work for depositions, conferences and trial.

Plaintiff thus believes that the Settlement Amount represents a fair and equitable compromise that allows her to proceed with her personal and work life without the disruptions, inconveniences, and risks inherent in litigation.

    b. Avoidance of Burdens and Expenses

Second, settling at this stage obviously allows the Parties to avoid substantial costs and delays. Indeed, were a settlement not reached at this stage, the Parties would have then been

obligated to complete formal written and document discovery and depositions of all Parties, and then engage in subsequent motion practice. The Parties may have proceeded to a trial in this matter, followed by post-trial motions and a potential appeal, resulting in a delayed resolution of Plaintiff's claims at potentially great expense. At this point in the action, there have been no out-of-pocket litigation expenses incurred save for the filing fee, but if the case had not settled, the costs would naturally balloon. This settlement eliminates all of those costs and delays, and this clearly weighs in favor of approval.

    c.   <u>Litigation Risks</u>

Third, of course, all Parties face the risk of losing at trial, either in whole or in part. In light of these attendant risks, the settlement amount weighs in favor of a fair and reasonable result that warrants this Court's approval.

    d.   <u>Arms-Length Bargaining, No Fraud or Collusion, No Cheeks Admonitions</u>

As detailed herein, this settlement was reached before expending otherwise-inevitable resources on formal discovery. Both sides realized that continued litigation would not be in the best interests of any party involved, and as a result of that recognition, the negotiations were pursued on both sides to come to a fair and reasonable compromise, with much-needed assistance from well-experienced mediator. Indeed, the fact that the Parties' settlement was reached as a result of a court-ordered mediation process, and it was achieved with the aid of an experienced mediator who provided guidance and assessment of the "risks of litigation and the benefits of the proposed settlement," bolsters the presumption of fairness. *Romero v. ABCZ Corp.*, 2017 WL 2560004, at *2 (S.D.N.Y. June 12, 2017).

Furthermore, the Settlement Agreement does not contain any terms that would militate against the Court approving it, as it does not contain a confidentiality, non-disclosure or non-disparagement clause that courts routinely find are "abusive or otherwise in strong tension with the remedial purposes of the FLSA." *See Flood v. Carlson Restaurants Inc.*, 2015 WL 4111668, at *2 (S.D.N.Y. July 6, 2015); *Lopez v. Nights of Cabiria, LLC*, 2015 WL 1455689, at *6-7 (S.D.N.Y. March 30, 2015).

**4.** Conclusion

In light of the foregoing, the Parties respectfully request that the Court approve this settlement and dismiss Plaintiff's claims under the FLSA and NYLL with prejudice. Should Your

**WYATT & ASSOCIATES**
EMPLOYMENT LAW, HR SOLUTIONS

Timothy Brock, Esq
tbrock@wyattlegalservices.com
P: 603-357-1111 F: 603-685-2868
Mailing Address: 63 Emerald Street, PMB #603, Keene NH 03431
Physical Address: 17 Elm Street Suite C211 Keene NH 03431
New York Office: 418 Broadway 2nd Floor Albany NY 12207

---

Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

*Attorneys for Plaintiff,*

Claudia Adams

*/s/ Timothy Brock*

Timothy Brock (NY BAR # 5614151)
The Law Offices of Wyatt & Associates, PLLC
17 Elm Street, Suite C211
Keene, NH  03431
(603) 357-1111
trevor@wyattlegalservices.com


Dated:  1 0 / 1 3 / 2 0 2 2

*Attorneys for Defendants,*

By Design L.L.C., Jay Lee and Russell Kemp

*/s/Steven Horowitz*

Steven B. Horowitz
Horowitz Law Group, LLC
49 Route 202, P.O. Box 13
Far Hills, NJ 07931
(973) 789-8300
shorowitz@horowitzlawgroup.com