```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
CLAUDIA ADAMS,                                              :
                                                            :
                          Plaintiff,                        :
                                                            :           21-CV-6157 (VSB)
            -against-                                       :
                                                            :                 ORDER
                                                            :
BY DESIGN L.L.C., JAY LEE, and RUSSEL                       :
KEMP,                                                       :
                                                            :
                          Defendants.                       :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

On October 13, 2022, the parties submitted a third proposed settlement agreement for approval under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The proposed settlement includes a request for attorneys' fees, but Plaintiff's counsel provides no factual support for the requested amount. (Doc. 11 at 10.) I therefore ordered the parties to submit evidence providing a factual basis for the requested attorneys' fees award. (*See* Doc. 20.) I made clear that "such basis should include 'contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done.'" (*Id.* (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015).) In response, Plaintiff's counsel submitted that "Plaintiff's basis for [the requested] amount was that she hired her attorneys on a contingency basis," and that "[c]ontingency fees are deemed appropriate in FLSA cases in this circuit." (Doc. 21 at 1.)

These assertions do not obviate my request for documentation supporting Plaintiff counsel's fee request. In my review of a FLSA settlement, I must "evaluate the reasonableness of the fees and costs" requested. *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). "The

fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs." *Id*. In other words, despite Plaintiff's counsel's protestation, "[t]he party seeking fees bears the burden of demonstrating that its requested fees are reasonable, and must provide the Court with sufficient information to assess the fee application." *Elisama v. Ghzali Gourmet Deli Inc.*, No. 14-CV-8333, 2016 WL 11523365, at *9 (S.D.N.Y. Nov. 7, 2016) (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)), *report and recommendation adopted*, 2018 WL 4908106 (S.D.N.Y. Oct. 10, 2018).

As Plaintiff's counsel has not submitted time and billing records, counsel has not yet provided "sufficient information" for me to assess the reasonableness of the fee award in the proposed settlement. *Id*. Merely relying on the existence of a contingency arrangement between Plaintiff and his counsel is insufficient for a court to determine whether a contingency fee request is reasonable. *See, e.g.*, *Rubio v. BSDB Mgmt., Inc.*, 548 F. Supp. 3d 362, 367–68 (S.D.N.Y. 2021). That is because "[e]ven when a plaintiff has entered into a contingency-fee arrangement with his attorneys, and even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id*. (quoting *Hernandez v. Boucherie LLC*, No. 18-CV-7887, 2019 WL 3765750, at *4 (S.D.N.Y. Aug. 8, 2019)). To calculate the lodestar amount— "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"—I must review Plaintiff's counsel's billing records for this litigation. *Hernandez*, 2019 WL 3765750, at *4.

The failure of Plaintiff's counsel to submit their billing records prevents me from approving the settlement at this time. Courts in this District have repeatedly rejected fee requests

2

in FLSA settlement cases in which the parties submit only a contingency fee agreement without additional supporting documentation. *See, e.g.*, *Rubio*, 548 F. Supp. 3d at 367–38; *Lopez*, 96 F. Supp. 3d at 182 ("Courts deny unsubstantiated FLSA fee requests."); *Mamani v. Licetti*, No. 13-CV-7002, 2014 WL 2971050, at *3 (S.D.N.Y. July 2, 2014). Courts also reject FLSA requests for fees that are one-third of the total recovery when the documentation underlying the request shows that the dollar amount of the contingency recovery is unreasonably high. *See, e.g., Hernandez*, 2019 WL 3765750, at *4–7; *Chunhua Cui v. Monroe Nail II Corp.*, No. 18-CV-4256, 2019 WL 1643539, at *1–2 (E.D.N.Y. Apr. 16, 2019); *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17-CV-3302, 2019 WL 95638, at *2–3 (S.D.N.Y. Jan. 2, 2019); *see also Pinguil v. We are all Frank, Inc.*, No. 17-CV-2237, 2018 WL 2538218, at *4–5 (S.D.N.Y. May 21, 2018) ("In some cases . . . an examination of counsel's time records may reveal unusual circumstances or unique features suggesting that an award of one-third of the total settlement fund would be unfair to the plaintiffs.").

Plaintiff cites several cases supporting the propositions that "[c]ontingency fees are deemed appropriate" and that "a one-third contingency fee is commonly accepted" in this context. (Doc. 21 at 1 (internal quotation marks omitted).) Even if both of these propositions are true as a general matter, neither disturbs my obligation to review the reasonableness of the attorneys' fees provision of this settlement, and Plaintiff has not cited cases that state the existence of a contingency agreement obviates the need for me to examine time records to assess the reasonableness of the requested attorneys' fees.[1] It may be that a one-third contingency fee

---

[1] It is true that in one of the six cases Plaintiff cites, the court approved a one-third-recovery fee award in a FLSA case solely because of the plaintiff's "retainer agreement" to that effect. *Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13-CV-3234, 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013). Without referencing billing records or the lodestar amount, the *Rangel* court approved the fee award after noting that "[t]his fee arrangement is routinely approved by courts in this Circuit." *Id.* I decline Plaintiff's invitation to follow the lead of a single out-of-district case in light of the great weight of contrary authority requiring me to evaluate the reasonableness of a fee award using counsel's billing records.

represents a reasonable award here, but without Plaintiff's counsel's billing records, I cannot determine whether that is true.

Accordingly, it is hereby:

ORDERED that by November 6, 2024, the parties comply with my prior order and submit evidence providing a factual basis for the requested attorneys' fees award.

SO ORDERED.

Dated: October 22, 2024
       New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge